UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLESETTA MARIE WARE,          )
                                 )
        Plaintiff,                )
                                 )
v.                               )    No.
                                 )    Judge Campbell
JEWEL STEELE, WARDEN, ET AL.,    )
                                 )
        Defendants.               )

MEMORANDUM

The plaintiff, proceeding *pro se*, is a prisoner in the Tennessee Prison for Women (TPW) in Nashville, Tennessee. She brings this action under 42 U.S.C. § 1983 naming the following defendants: 1) Jewel Steele, Warden at TPW; 2) Amy Ruiz, Health Administrator at TPW; 3) Dr. S. Feagins, Medical Administrator at TPW; 4) Betty Perkins, Director of Nursing at TPW; 5) Artie Broadhurst, Former Medical Administrator at TPW. The plaintiff is seeking injunctive relief and money damages, alleging that the defendants violated her rights under the Eighth Amendment.

The plaintiff asserts that she began to suffer abdominal pains in August 2005. (Docket Entry No. 1, ¶ IV, p. 7) Although the plaintiff was seen by a nurse twice, the plaintiff claims that she never received a physical examination. (Docket Entry No. 1, ¶ IV, p. 7)

The plaintiff claims that she began to experience "intense" abdominal pain at approximately 2:00 a.m. on November 7, 2005. (Docket Entry No. 1, ¶ IV, p. 7) The plaintiff alleges that, despite her efforts to see someone on the TPW medical staff at the onset of the pain, she was not seen until ten hours later – at approximately noon. (Docket Entry No. 1, ¶ IV, p. 7) After receiving what the plaintiff describes as a limited medical assessment at TPW, she was taken to the emergency room at Meharry General Hospital where surgery was performed on November 10. (Docket Entry No. 1, ¶ IV, p. 8)

The remainder of the plaintiff's claims pertain to the following post-operative issues: 1)

scarring that resulted from the surgical procedure; 2) redness in the area of the incision; 3) missing at least one followup with the surgeon; 4) cancellation of at least one sick call appointment; 5) misdiagnosis of matters pertaining to the incision; 6) a premature order to return to work; 7) and criticism of medical care and procedures at TPW in general. (Docket Entry No. 1, ¶ IV, pp. 8-11)

To state a claim under § 1983, the plaintiff must allege and show: 1) that she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The plaintiff does not mention defendants Steel, Ruiz, Feagins or Broadhurst anywhere in

2

the statement of her claim. Therefore, the plaintiff has failed to satisfy the first part of the two-part test under *Parratt, supra* at p. 2, *i.e.*, to allege and show that these defendants violated her rights under the Constitution or laws of the United States.

The plaintiff does mention defendant Perkins in the statement of her claim. (Docket Entry No. 1, p. 9) However, she merely quotes defendant Perkins' written statement made in response to the grievance that the plaintiff filed on November 17, 2005. (Docket Entry No. 1, Attach. Griev. No. 259733) The plaintiff does not, however, allege and show that defendant Perkins violated her rights under the Constitution or laws of the United States. Consequently, the plaintiff has failed to satisfy the first part of the two-part test under *Parratt* as to defendant Perkins as well.

I addition to the foregoing, it is clear from the complaint that each of the defendants is – or was – a senior supervisory and/or management official at TPW. Based on the defendants named, and the allegations made, the Court concludes from the complaint that the plaintiff's legal theory is that the defendants are liable to her for the acts and/or omissions of those in their charge, *i.e.*, that they are liable to her under the doctrine of *respondeat superior*.

The law is well settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendants were personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). In other words, for vicarious liability to attach, the defendants must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

3

The plaintiff does not allege, nor can it be inferred from the complaint, that the defendants were directly responsible for any of the alleged acts and/or omissions that gave rise to this action. Nor does the plaintiff allege that those who failed to respond to her medical situation acted pursuant to a policy or custom that violated her constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Although the plaintiff does assert that there was "an attitude of deliberate indifference toward medical issues that [she] encountered" (Docket Entry No. 1, p. 7), the plaintiff's claim that <u>she</u> experienced a problem in her medical care does not suffice to establish that TPW has "a policy or custom" of deliberate indifference to the serious medical inmate of its inmates. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)(citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)). Therefore, the plaintiff has failed to establish that the defendants are liable to her under the doctrine of *respondeat superior*.

As reasoned herein, the plaintiff's claims against these defendants lack an arguable basis in law or fact. Therefore the complaint will be dismissed as frivolous.

An appropriate Order will be entered.

                                                                          /s/ Todd Campbell
                                                                          Todd Campbell
                                                                          United States District Judge